IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES WEEKLY/KHABIR                                                    PLAINTIFF
ADC #86771

V.                                    NO.  5:08cv00024 WRW

LARRY NORRIS, et al                                                     DEFENDANTS

<u>ORDER</u>

Plaintiff, a pro se inmate currently confined to the Varner Super Max Unit of the

Arkansas Department of Correction, has requested leave to proceed in forma pauperis,

presumably on appeal, pursuant to 28 U.S.C. § 1915 (docket entry #11).  It is questionable,

however, whether Plaintiff has properly filed a notice of appeal to the United States Court

of Appeals for the Eighth Circuit pursuant to Rule 3(a) and (c) of the Federal Rules of

Appellate Procedure.

Fed. R. App. P. 3(a) provides, in relevant part, that "[a]n appeal permitted by law as

of right from a district court to a court of appeals shall be taken by filing a notice of appeal

with the clerk of the district court within the time allowed by Rule 4."  Fed. R. App. P. 3(c)

governs the content of notices of appeal and mandates that such notices "specify the party

or parties taking the appeal . . . designate the judgment, order or part thereof appealed

from; and . . . name the court to which the appeal is taken."  The United States Supreme

Court has held that courts should liberally construe the requirements of Rule 3.  <u>Smith v.</u>

<u>Barry</u>, 502 U.S. 244, 248 (1992) (holding that inmate's informal pro se brief could act as the

functional equivalent of a notice of appeal); <u>United States v. Johnson</u>, 982 F.2d 1192, 1196

(8th Cir. 1992) ("This court has long liberally construed notices of appeal to avoid

irregularities which would otherwise deprive a party of jurisdiction to appeal").  Thus, when

papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Id. (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)).

Although notices of appeal are liberally construed, particularly those of pro se litigants, an intent to appeal the judgment in question must still be apparent, and there must be no prejudice to the adverse party. Berdella v. Delo, 972 F.2d 204, 207 (8th Cir. 1992); see also Hawkins v. City of Farmington, 189 F.3d 695 (8th Cir. 1999). It is the notice provided by a document, as opposed to a litigant's incentive in filing it, that resolves the document's sufficiency as a notice of appeal. Smith, 502 U.S. at 248. Therefore, if a document is both filed within the time frame specified by Rule 4 and provides the notice required by Rule 3, it constitutes an effective notice of appeal. Id.

Plaintiff is a pro se prisoner unschooled in the law and unfamiliar with the procedural requirements of filing a civil appeal. Although Plaintiff filed a new application to proceed without prepayment of fees and affidavit (docket entry #11) after this Court entered final judgment (docket entry #9), it simply cannot be said that a formal notice of appeal was filed. Moreover, Plaintiff's intent to appeal this Court's final judgment is not apparent from the face of his application to proceed in forma pauperis. Plaintiff's application does not designate the judgment appealed from, does not name the court to which the appeal is taken, and neither indicates nor references in any manner an intent to appeal. In fact, it does not even reference the word "appeal." The only evidence of any kind that could demonstrate an intent to appeal is Plaintiff's attachment of the Clerk's March 21, 2008, appellate filing fee notice to the front of his application. It simply cannot be said that such

action constitutes the functional equivalent of what Rule 3 requires, especially in light of the fact that the Clerk's notice specifically explains to Plaintiff that he is required to file a separate notice of appeal.[1]

Plaintiff's application was filed following the entry of a final judgment with the Clerk of the District Court within the time frame mandated by Rule 4; however, filing alone, even within the critical thirty-day appeal period, absent any evidence of notice required by Rule 3, simply does not constitute the functional equivalent of a notice of appeal.  See Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir.1984) (finding that a motion to proceed in forma pauperis and supporting affidavit was the equivalent to a notice of appeal when timely filed).  Since no notice of appeal has been filed, Plaintiff's motion (docket entry #11) is DENIED AS MOOT.

IT IS SO ORDERED this 16th day of May, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Appellate Filing Fee Notice provided by the Clerk and returned by Plaintiff with his application and affidavit states, with a footnote reference, that in order to perfect an appeal, a plaintiff must complete a separate "Notice of Appeal."  However, the Court finds that the Clerk's appellate filing fee notice alone simply does not constitute "the functional equivalent of" a notice of appeal.  Good Samaritan Hosp. v. Sullivan, 952 F.2d 1017, 1022 (8th Cir. 1991) (quotation omitted), aff'd, 508 U.S. 402 (1993).